```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION
```

FELICIEN M. BAONGOLI          ]
     Plaintiff,               ]
                              ]         No. 3:08-0390
v.                            ]         (No. 3:07-mc-0157)
                              ]         Judge Echols
PRISONER TRANSPORTATION       ]
SERVICES OF AMERICA, et al.   ]
     Defendants.              ]


**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Prisoner Transportation Services of America and three of its employees, seeking damages.

    On August 2, 2007, employees of the defendant company arrived at the Los Angeles County Jail to take custody of the plaintiff. Over the next ten days, he was transported in a van from there to the Charles Bass Correctional Complex in Nashville. The plaintiff alleges that his drivers were reckless and negligent and, as a result of their poor driving, he suffered injuries to his head, fingers and back.

    To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The plaintiff repeated claims that his injuries were the result of the defendants' negligence. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. As a consequence, this Court is obliged to *sua sponte* dismiss this action. 28 U.S.C. § 1915(e)(2).

Accordingly, an appropriate Order will be entered.

_____
Robert L. Echols
United States District Judge